**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JEFFREY D. JUSTICE, II,<br><br>Plaintiff,<br><br>v.<br><br>TRECORA RESOURCES, KAREN A. TWITCHELL, PATRICK D. QUARLES, NICHOLAS N. CARTER, GARY K. ADAMS, PAMELA R. BUTCHER, ADAM PEAKES, and JANET ROEMER,<br><br>Defendants. | Case No. ______________<br><br>JURY TRIAL DEMANDED<br><br>**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934** |

Plaintiff, by his attorneys, for this complaint against defendants, alleges the following upon personal knowledge with respect to himself, and upon information and belief based upon the investigation of counsel as to all other allegations herein:

## NATURE OF ACTION

1. On May 11, 2022, Trecora Resources ("Trecora" or the "Company") entered into an agreement and plan of merger (the "Merger Agreement") with Balmoral Swan Parent, Inc. ("Parent") and Balmoral Swan Parent, Inc. ("Purchaser") (the "Proposed Merger").

2. Under the terms of the Merger Agreement, Purchaser commenced a tender offer (the "Tender Offer") to purchase Trecora's outstanding common stock for $9.81 in cash per share. The Tender Offer is set to expire on June 24, 2022.

3. On May 26, 2022, defendants filed a recommendation statement (the "Recommendation Statement") with the U.S. Securities and Exchange Commission (the "SEC").

4. As alleged herein, the Recommendation Statement fails to disclose material information regarding the Proposed Merger, and defendants violated Sections 14(e), 14(d), and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the Exchange Act because the claims asserted herein arise under Sections 14(e), 14(d), and 20(a) of the Exchange Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391 because a portion of the transactions and wrongs complained of herein occurred in this District.

## THE PARTIES

8. Plaintiff is and has been continuously throughout all relevant times the owner of Trecora common stock.

9. Defendant Trecora is a Delaware corporation. Trecora's common stock is traded on the New York Stock Exchange under the ticker symbol "TREC."

10. Defendant Karen A. Twitchell is Chairperson of the Board of Directors of Trecora (the "Board").

11. Defendant Patrick D. Quarles is President, Chief Executive Officer, and a member of the Board.

12. Defendant Nicholas N. Carter is a member of the Board.

13. Defendant Gary K. Adams is a member of the Board.

14. Defendant Pamela R. Butcher is a member of the Board.

15. Defendant Adam Peakes is a member of the Board.

16. Defendant Janet Roemer is a member of the Board.

17. Defendants identified in ¶¶ 10-16 are referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

18. Trecora owns and operates a specialty petrochemicals facility specializing in high purity hydrocarbons and other petrochemical manufacturing and a specialty wax facility, both located in Texas, and provides custom processing services at both facilities.

19. On May 11, 2022, Trecora entered into the Merger Agreement.

20. The press release announcing the Proposed Merger provides as follows:

> Trecora Resources ("Trecora" or the "Company") (NYSE: TREC), a leading provider of specialty hydrocarbons and specialty waxes, and an affiliate of Balmoral Funds, LLC (together with its consolidated subsidiaries, "Balmoral") today announced that they have entered into a definitive merger agreement (the "Merger Agreement") pursuant to which Balmoral agreed to acquire Trecora for $9.81 per share in cash in a transaction that values the Company at an enterprise value of $247 million, which represents approximately 11.4x our 2021 adjusted EBITDA.
>
> Under the terms of the Merger Agreement, which has been approved by the Trecora Board of Directors (the "Trecora Board"), Balmoral will commence a tender offer to acquire all outstanding shares of Trecora's common stock, par value $0.10 per share (the "Trecora Common Stock") for $9.81 per share in cash. The purchase price represents a 29.9% premium to Trecora's closing stock price on May 10, 2022.
>
> "Under the oversight of our Board of Directors and with the support of our talented team, we have worked diligently to enhance our execution, maximize operating efficiencies and reposition the Company for growth," said Pat Quarles, Trecora's President and Chief Executive Officer. "We are excited to enter this new chapter with Balmoral, which shares our enthusiasm for the future of our business and our opportunities for growth. With Balmoral's support, we remain deeply committed to supporting our customers with the quality and service level they have come to depend on us for."
>
> Karen Twitchell, Chair of the Trecora Board, added, "We are pleased to have reached this agreement with Balmoral. The transaction announced today follows careful consideration and negotiation by the Board and concludes a deliberate and

comprehensive strategic review process undertaken over the past seven months with the assistance of our independent financial advisor. Beginning in October 2021, we contacted 72 financial and strategic acquirers and held discussions with a number of parties, including Balmoral, through a formal, competitive process. Our Board believes this transaction maximizes value for shareholders, who will receive a significant premium and immediate and certain value for their shares."

David Shainberg, Managing Director of Balmoral, said, "We are delighted to announce this transaction with Trecora and are eager to execute on its growth plan. Having followed Trecora for years, we're encouraged by its strong customer relationships and product demand. This is Balmoral's fourth acquisition in the chemicals sector and we are excited to contribute to Trecora's continued success as a private company."

"I applaud Trecora's Board of Directors for recognizing alternative value creation opportunities for Trecora and for displaying disciplined attention to its fiduciary duties as representatives of the Company's shareholders," said Bradley L. Radoff, one of the Company's largest shareholders. "I have long thought that the best risk-adjusted outcome for Trecora and its shareholders is a sale of the Company, and I am proud that my constructive engagement with the Company over the last several months has helped lay the groundwork for this important transaction to unlock shareholder value. I commend the Board for its responsiveness to shareholder input and for conducting a thorough and deliberate process to deliver a transaction at a valuation that I support."

**Conditions and Approvals**

The closing of the transaction is subject to customary closing conditions, including the expiration or termination of certain regulatory periods and the tender of shares representing at least a majority of the Company's outstanding common stock to Balmoral, and is expected to close in the third quarter. Following the successful completion of the tender offer, Balmoral will acquire all remaining shares not tendered in the tender offer through a second-step merger at the same price.

Upon completion of the transaction, Trecora will become a privately held company and shares of Trecora Common Stock will no longer be listed on any market.

Guggenheim Securities is acting as exclusive financial advisor to Trecora and Morgan, Lewis & Bockius LLP and Vinson & Elkins L.L.P. are serving as legal advisors to Trecora. Piper Sandler & Co. is acting as financial advisor and Blank Rome LLP is acting as legal advisor to Balmoral.

21. On May 26, 2022, defendants filed the Recommendation Statement, which fails to disclose material information regarding the Proposed Merger.

Financial Projections

22. The Recommendation Statement omits material information regarding the Company's financial projections, specifically: the line items underlying the financial projections.

23. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

Financial Analyses

24. The Recommendation Statement omits material information regarding the financial analyses conducted by Guggenheim Securities ("Guggenheim").

25. Regarding Guggenheim's Discounted Cash Flow Analysis, the Recommendation Statement fails to disclose: (i) the terminal values utilized by Guggenheim; and (ii) the inputs and assumptions underlying the discount rates and perpetuity growth rates utilized by Guggenheim.

26. Regarding Guggenheim's LBO Analysis, the Recommendation Statement fails to disclose the inputs and assumptions underlying the internal rate of return and multiples utilized by Guggenheim.

Background of the Proposed Merger

27. The Recommendation Statement fails to disclose whether Trecora entered into any NDAs containing don't ask, don't waive provisions.

**COUNT I**

**Claim Against Defendants for Violation of Section 14(e) of the Exchange Act**

28. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

29. Section 14(e) of the Exchange Act states:

> It shall be unlawful for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading . . . in connection with any tender offer or request or invitation for tenders[.]

30. Defendants disseminated the misleading Recommendation Statement, which contained statements that, in violation of Section 14(e) of the Exchange Act, in light of the circumstances under which they were made, failed to state material facts necessary to make the statements therein not misleading.

31. The Recommendation Statement was prepared, reviewed, and/or disseminated by defendants.

32. The Recommendation Statement misrepresented and/or omitted material facts in connection with the Proposed Transaction as set forth above.

33. By virtue of their positions within the Company and/or roles in the process and the preparation of the Recommendation Statement, defendants were aware of this information and their duty to disclose this information in the Recommendation Statement.

34. The omissions in the Recommendation Statement are material in that a reasonable shareholder will consider them important in deciding whether to tender their shares.

35. A reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available.

36. Defendants knowingly or with deliberate recklessness omitted the material information identified above in the Recommendation Statement, causing statements therein to be materially incomplete and misleading.

37. Accordingly, defendants violated Section 14(e) of the Exchange Act.

38. Plaintiff is threatened with irreparable harm and has no adequate remedy at law.

## COUNT II

### Claim Against Defendants for Violation of 14(d) of the Exchange Act

39. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

40. Section 14(d)(4) of the Exchange Act states:

> Any solicitation or recommendation to the holders of such a security to accept or reject a tender offer or request or invitation for tenders shall be made in accordance with such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

41. Rule 14d-9(d) states:

> Any solicitation or recommendation to holders of a class of securities referred to in section 14(d)(1) of the Act with respect to a tender offer for such securities shall include the name of the person making such solicitation or recommendation and the information required by Items 1 through 8 of Schedule 14D-9 (§ 240.14d-101) or a fair and adequate summary thereof[.]

42. Item 8 requires that directors must "furnish such additional information, if any, as may be necessary to make the required statements, in light of the circumstances under which they are made, not materially misleading."

43. The Recommendation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits the material facts set forth above, which renders the Recommendation Statement false and/or misleading.

44. Defendants knowingly or with deliberate recklessness omitted the material information set forth above, causing statements therein to be materially incomplete and misleading.

45. The omissions in the Recommendation Statement are material to plaintiff, and he will be deprived of his entitlement to make a fully informed decision with respect to the Proposed Transaction if such misrepresentations and omissions are not corrected prior to the expiration of

the Tender Offer.

46. Plaintiff has no adequate remedy at law.

**COUNT III**

**Claim Against the Individual Defendants for Violation of Section 20(a) of the Exchange Act**

47. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

48. The Individual Defendants acted as controlling persons of Trecora within the meaning of Section 20(a) of the Exchange Act as alleged herein.

49. Due to their positions as directors of Trecora and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Recommendation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

50. Each of the Individual Defendants was provided with or had unlimited access to copies of the Recommendation Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

51. Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, thus, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.

52. The Recommendation Statement contains the unanimous recommendation of the

Individual Defendants to approve the Proposed Transaction. They were thus directly connected with and involved in the making of the Recommendation Statement.

53. Accordingly, the Individual Defendants violated Section 20(a) of the Exchange Act.

54. The Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(e) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein.

55. Due to their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act.

56. Plaintiff is threatened with irreparable harm and has no adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays for judgment and relief against defendants as follows:

A. Enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to file a Recommendation Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(e), 14(d), and 20(a) of the Exchange Act and Rule 14a-9;

E. Awarding plaintiff the costs of this action, including reasonable allowance for attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury.

Dated: June 6, 2022

**GRABAR LAW OFFICE**

By: ______________________________

Joshua H. Grabar (#5906953)
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
267-507-6085
jgrabar@grabarlaw.com

*Counsel for Plaintiff*